John M. Clifford
vs.                No. 80049.
Simon B. Rose

July 23, 1931.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendant.

This is an action brought by plaintiff to recover for personal injuries received on February 4, 1928, when he was struck by an automobile owned and driven by defendant. The accident occurred shortly after six o'clock in the evening on Smith street near Liberty street, in the City of Providence. Plaintiff received a fracture of the larger bone of the right forearm.

Park street comes into Smith street from the south, while Liberty street enters Smith street from the north. These side streets are not directly opposite each other, Liberty street being westerly from Park street about fifty feet. Plaintiff was carrying some small bundles. After standing some moments on the southwesterly corner of Smith and Park streets, seeing no automobiles coming from either direction, he started to walk in a diagonal direction across Smith street, toward the northwesterly corner of Smith and Liberty streets. Smith street at this point is forty feet between curbs and has double car tracks in the center of the roadway. The distance between the most northerly rail and the northerly curb is 12¾ feet. Plaintiff was struck while in this area of the highway northerly of the most northerly rail of the car track by an automobile coming from the east or from the direction of Francis street. He himself testified that he was within his own length of the curbstone when struck, while the defendant's testimony would indicate that he was near the northerly rail of the outbound track. He further testified that he was hit on the right side but did not know where the machine came from which struck him; that the machine went some distance westerly on Smith street, from which point the operator returned to assist him.

Defendant was alone in his automobile, a Reo Coupe. He came up Francis street and turned westerly into Smith street. He testified that his lights were lighted; that he could see perfectly; that he had a clear view of Smith street for 100 feet past Liberty street; that there was an automobile in front of him at a distance of from where he was standing in the witness box to the opposite wall of the Court Room; that he noticed a man with bundles two feet in front of him, in front of his left front wheel; that his car stopped in a foot or two; that this man dropped his bundles and put one hand on the machine; that the machine did not go over him.

The evidence shows that after the accident the defendant gave all necessary assistance to the plaintiff.

Defendant's testimony as to the collision itself does not seem reasonable in view of the circumstances not in dispute and in view of other portions of defendant's own testimony. Defendant was alone. There was nothing apparently to distract his attention. While it was not light as in the middle of the day, yet he could see, as he testified. The machine in front of him was some little distance ahead of him. That he saw the plaintiff two feet ahead and that he stopped in one or two feet, if taken literally, would mean either that he didn't strike him or that there was the merest contact.

If it be argued that the jury found the plaintiff not in the exercise of due care, the Court thinks that on the plaintiff's own testimony he had reached a point in the highway where

a person might reasonably think that a machine coming from the east would pass behind him.

Considering all the testimony in the case, the Court thinks the verdict is against the evidence. The Court is unable to say that it thinks substantial justice has been done between the parties and it therefore grants plaintiff's motion for a new trial.

For plaintiff: Charles R. Easton.

For defendant: Sherwood Heltzen & Clifford.